IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Cox,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>　　　　Respondents. | No. CV 08-1413-PHX-GMS (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

　　　　Pending before the court is a *pro se* First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Robert Cox. Doc. #11. On November 29, 2004, pursuant to a plea agreement in the Maricopa County Superior Court, Petitioner pled guilty to one count of molestation of a child, a class two felony and "dangerous crime against children" under Arizona law, and two counts of attempted sexual contact with a minor, each a class three felony and dangerous crime against children. Doc. #16, Exh. B, C. The plea agreement stipulated that Petitioner would be sentenced to no less than 15 years on the first count and lifetime probation on the remaining counts. Doc. #16, Exh. B. On January 25, 2005, Petitioner was sentenced to 17 years in prison on the first count and a consecutive term of lifetime probation on the second two counts. Doc. #16, Exh. D.

On January 28, 2005, Petitioner filed a Notice of Post-Conviction Relief. Doc. #16, Exh. E. The trial court appointed counsel and on May 3, 2005, counsel filed a Motion To Allow Petitioner To Proceed *Pro Se*, And For An Extension Of Time. Doc. #16, Exh. F. Counsel explained in the motion that she was unable to find a viable issue to raise and asked the court to provide Petitioner time to submit his own petition. Id. On the same day, the trial court granted the motion and gave Petitioner 45 days to file a petition. Doc. #16, Exh. G. On July 5, 2005, the trial court dismissed the post-conviction proceeding after Petitioner failed to file a petition by the June 17, 2005 deadline. Doc. #16, Exh. H. Petitioner did not seek review of the dismissal order in the Arizona Court of Appeals.

On June 20, 2007, Petitioner filed a second Notice of Post-Conviction Relief. Doc. #16, Exh. J. The trial court dismissed the notice on July 30, 2007. Doc. #16, Exh. K. Petitioner filed a Petition for Review in the Arizona Court of Appeals on August 9, 2007, which was summarily denied on April 23, 2008. Doc. #16, Exh. L, M. Petitioner did not seek review in the Arizona Supreme Court. Doc. #11 at 5.

On July 30, 2008, Petitioner filed his Petition for Writ of Habeas Corpus in this court. Doc. #1. Judge Murguia dismissed the petition without prejudice and granted Petitioner the opportunity to file an amended petition. Doc. #7. On November 25, 2008, Petitioner filed a First Amended Petition. Doc. #11. He alleges four grounds for relief. In ground one, Petitioner alleges that he was denied his First Amendment right of access to the courts when prison officials failed to help him challenge an illegal sentence. In ground two, he claims that the Due Process Clause of the Fourteenth Amendment was violated because the Federal Sentencing Guidelines should have been applied to him. He further contends that the Fifth Amendment prohibition against double jeopardy was violated because the indictment charged a single offense in multiple counts and resulted in multiple sentences for one offense. He alleges in ground three that his right to effective assistance of counsel was violated because his lawyer failed to apply the sentencing guidelines correctly. He also claims in ground three that the Sixth Amendment right to a jury trial was violated when the judge determined facts that exposed him to a longer sentence, and that his rights under the

Confrontation Clause were violated. Lastly, in ground four, Petitioner alleges that his Fourteenth Amendment rights to due process and equal protection were violated when the court failed to follow the Federal Sentencing Guidelines. On January 15, 2009, Respondents filed an Answer to First Amended Petition for Writ of Habeas Corpus (Limited to Affirmative Defenses). Doc. #16. Petitioner filed a Reply to Respondents' Answer on February 19, 2009. Doc. #19.

**DISCUSSION**

Respondents contend that the petition should be dismissed because it was not filed within the statute of limitations period. Alternatively, Respondents argue that Petitioner's claims are procedurally defaulted, and that Petitioner waived all four grounds for relief by pleading guilty. Because the information presented establishes that the habeas petition is untimely, the court finds that it is barred by the statute of limitations and recommends that the petition be denied on that basis.

**A.  Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1).[1] The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Because Petitioner's habeas petition was filed after the AEDPA effective date of April 24, 1996, the Act's provisions apply to this case. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review. See id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review."). Moreover, filing a new petition for post-conviction relief does

not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

**B.     Application**

Petitioner was convicted and sentenced under the plea agreement on January 25, 2005. Petitioner had 90 days to file an "of-right" petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. Ariz. R. Crim. P. 32.4(a). He filed a notice of post-conviction relief on January 28, 2005. However, after his appointed counsel found no colorable claims to raise, Petitioner was granted 45 days to file his own petition, which he did not do. The trial court then dismissed the post-conviction proceedings on July 5, 2005. Petitioner then had 30 days to file a petition for review in the Arizona Court of Appeals. See Ariz. R. Crim. P. 32.9(c). Petitioner did not file a petition for review and therefore the statute of limitations began to run on the day after the time for seeking review expired. The time to seek review expired on August 4, 2005, and the statute of limitations began to run the next day. The statute of limitations expired one year later on August 5, 2006.

By the time Petitioner filed his next notice of post-conviction relief on June 20, 2007, the statute of limitations had already expired. The time between the termination of the first post-conviction proceedings and the filing of the second notice of post-conviction relief did not toll the limitations period. Nor did the filing of the second notice have any effect on the expired limitations period. Therefore, Petitioner's federal habeas petition, filed on July 30, 2008, was nearly two years too late. For these reasons, the court finds that Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

In his petition, Petitioner refers to § 2244(d)(1)(D) to explain why the statute of limitations does not bar his petition. Doc. #11 at 11. He fails to explain, however, how that subsection applies. He presents nothing in the petition or in his reply to show that the factual predicate of his claims could not have been discovered through due diligence until later. Based on the facts presented by the parties, the court finds no basis to apply that subsection or any other subsection besides § 2244(d)(1)(A).

Lastly, Petitioner also argues in his petition and his reply that he was unaware of the statute of limitations and that the prison's legal materials did not contain the relevant statute at 28 U.S.C. § 2244. However, one of the books on the prison's "Legal Texts and Resource Material" list, that Petitioner attaches to his reply at Exhibit 15 to make his point, includes 28 U.S.C. § 2244. See Federal Civil Judicial Procedure and Rules. Thus, to the extent Petitioner is arguing he should be entitled to equitable tolling because the prison impeded him from filing his petition, his argument is without merit. As a general rule, equitable tolling is not available in most cases and may be applied only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner has not shown such circumstances to be present here.

For these reasons, the court finds that Petitioner's habeas petition is untimely. Because the petition is barred by the statute of limitations, the court will recommend that it be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #11) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the

findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. <u>See</u> Fed. R. Civ. P. 72.

DATED this 6th day of April, 2009.

_____
Edward C. Voss
United States Magistrate Judge